# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>A. LOPEZ, et al.,<br><br>　　Defendants. | Case No.: 1:24-cv-00252 KES EPG<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>Doc. 15<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>Doc. 18 |

Plaintiff Dewayne Thompson is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff seeks to hold the defendants liable for alleged violations of his civil rights while he was housed at California State Prison Corcoran State Prison. Doc. 1. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the Court adopts in part the findings and recommendations (Doc. 15) and denies plaintiff's motion for reconsideration (Doc. 18).

**I.　BACKGROUND**

Plaintiff filed a complaint in this action on February 21, 2024. Doc. 1. He alleged that defendants, who are correctional officers at CSP-Corcoran, retaliated against him for filing grievances, treated him differently because of his race, and improperly forced him to choose between outdoor yard time or mental health treatment. *See generally* Doc. 1.

1

On August 21, 2024, the magistrate judge screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found that plaintiff's complaint states a cognizable First Amendment claim for retaliation against defendants Lopez and Rocha based on the two cell searches and confiscation of property during those searches. Doc. 13 at 15. The magistrate judge also found that plaintiff failed to state any other cognizable claims. *Id.* The screening order provided plaintiff with three options: (1) file a first amended complaint; (2) notify the court in writing that he wished to proceed on the claim the court found cognizable and that he did not wish to amend his complaint; or (3) notify the court in writing that he wished to stand on his original complaint. Plaintiff declined to amend his complaint and chose to stand on his original complaint. Doc. 14 at 1. After plaintiff elected to not file an amended complaint, the magistrate judge issued findings and recommendations, reiterating the findings made in the initial screening order and recommending that this case proceed on plaintiff's First Amendment retaliation claim against defendants Lopez and Rocha only and that all other claims and defendants be dismissed. Doc. 15 at 14.

The Court served the findings and recommendations on plaintiff on September 4, 2024. The findings and recommendations notified plaintiff that any objections were due within 30 days. Doc. 15 at 14. Plaintiff timely filed objections to the findings and recommendations on September 4, 2024. Doc. 16. The magistrate judge issued a minute order on November 22, 2024, noting that plaintiff's "objections refer to factual allegations that were not included in Plaintiff's complaint," and granting plaintiff another opportunity to file an amended complaint if he chose to do so. Doc. 17. The Court advised plaintiff that "[i]f Plaintiff files an amended complaint within 30 days . . . the Court will vacate the pending Findings and Recommendations and screen that complaint. If Plaintiff fails to file an amended complaint by this deadline, the District Judge will issue an order on the pending Findings and Recommendations, considering only the allegations Plaintiff has made in his initial complaint dated February 21, 2024." Doc. 17.

Plaintiff did not file an amended complaint. Instead, on December 4, 2024, plaintiff filed a motion for reconsideration addressed to the district judge. Doc. 18. In his motion, plaintiff states he was "aggrieved" by the magistrate judge's minute order, Doc. 17, arguing that the district judge, not the

2

1  magistrate judge, should have reviewed his objections de novo. Doc. 18 at 2. Plaintiff again reiterates
2  that he "stand[s] on claims in [his initial] complaint." Doc. 18 at 3.

3   **II.   PLAINTIFF'S MOTION FOR RECONSIDERATION**

4  The Court construes plaintiff's filing as a motion under Federal Rule of Civil Procedure 72(a)
5  for reconsideration of the magistrate judge's minute order, Doc. 17.

6  A party may object to a magistrate judge's non-dispositive pretrial order within fourteen (14)
7  days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld
8  unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). "This means that the
9  Court will review the magistrate judge's factual findings for clear error and legal conclusions de
10 novo." *Adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022). The "clearly
11 erroneous" standard applies to magistrate judge's factual findings and discretionary decisions.
12 *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing
13 *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)). "[R]eview under the clearly
14 erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake
15 has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*,
16 124 F.3d 999, 1014 (9th Cir. 1997). The objecting party has the burden of showing that the magistrate
17 judge's ruling is clearly erroneous or contrary to law. *In re eBay Seller Antitrust Litig.*, No. C 07-1882
18 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009).

19 Plaintiff argues that the magistrate judge did not have authority to review his objections to the
20 findings and recommendations and requests that the Court review his objections to the findings and
21 recommendations de novo. Doc. 18 at 1. As an initial matter, the undersigned will review plaintiff's
22 complaint and objections de novo. The magistrate judge did not dispose of plaintiff's objections or
23 make a ruling on the findings and recommendations, but rather allowed plaintiff another opportunity
24 to amend his complaint to add additional factual allegations if plaintiff chose to do so. Doc. 17. The
25 minute order indicated that if plaintiff did not choose to amend his complaint, the district judge would
26 issue a ruling on the findings and recommendations. *Id.* The magistrate judge has discretion to vacate
27 the findings and recommendations and has discretion to screen amended complaints. The magistrate

28

3

judge's offer to consider a new complaint and vacate the findings and recommendations if plaintiff chose to amend his complaint was not clearly erroneous or contrary to law.

For the foregoing reasons, plaintiff's motion for reconsideration (Doc. 18) is DENIED.

### III.   FINDINGS AND RECOMMENDATIONS

On September 4, 2024, the magistrate judge issued findings and recommendations to allow this action to proceed on plaintiff's First Amendment retaliation claim against defendants Lopez and Rocha only and that all other claims and defendants be dismissed. Doc. 15 at 14. Plaintiff timely filed objections on September 16, 2024.

In accordance with 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this case. As an initial matter, the Court agrees that plaintiff states a cognizable First Amendment retaliation claim against defendants Lopez and Rocha in connection with the two cell searches and confiscation of property during those searches. Doc. 15 at 10-11. Plaintiff objects to the recommendation that all other claims and defendants be dismissed, specifically objecting to the dismissal of his First Amendment for retaliation in connection with the rules violation report, his Fourteenth Amendment discrimination claim, and his Eighth Amendment deliberate indifference claim based on the deprivation of outside exercise time. Doc. 16 at 1.

Plaintiff argues that his complaint sufficiently states a claim for retaliation in connection with the rules violation report based on the timing of the report and other events detailed in plaintiff's complaint. Doc. 16 at 2. As the magistrate judge correctly noted, plaintiff needs to meet five basic elements to state a cognizable claim for First Amendment retaliation: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Doc. 15 at 9-10 (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)).

Plaintiff alleges that he possessed an unaltered disposable razor with guard that he was allowed to possess, but that Lopez drafted an exaggerated rules violation report that charged plaintiff with having a murderous weapon because plaintiff was known to file grievances and lawsuits, that the rules

4

violation report chilled his First Amendment rights, and Lopez's actions were not undertaken to advance legitimate penological purposes because there was no rule that prohibited plaintiff from possessing the razor.  Doc. 1 at 4, 6; Doc. 16 at 2-3.  Plaintiff alleges that the razor was confiscated during the retaliatory searches and argues that the rules violation report was part of a pattern of retaliation taken against him.  Doc. 1 at 6; Doc. 16 at 2 (Lopez drafted the rules violation report in retaliation "based on chronology of events and timing").  Plaintiff did not need to explicitly establish a threat to sufficiently allege a retaliation claim.  *Brodheim v. Cry,* 584 F.3d 1262, 1270 (9th Cir. 2009).  It was enough that the magistrate judge found that the other conduct sufficiently stated a claim for retaliation for the searches and confiscation of property and that the razor was found during the alleged retaliatory search.  As such, these allegations are sufficient, for the purposes of screening, for plaintiff to state a cognizable First Amendment retaliation claim against Lopez in connection with the rules violation report Lopez allegedly prepared based on the results of the searches and confiscation of property.

Plaintiff also objects to the recommendation that his Fourteenth Amendment claim be dismissed.  The magistrate judge found that plaintiff did not allege any facts that connected Lopez and Rocha's actions to plaintiff's race.  Doc. 15 at 12.  To establish a violation of the Equal Protection Clause, plaintiff must allege that defendants acted at least in part because of plaintiff's protected status.  Doc. 15 at 11 (quoting *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003)).  Plaintiff alleges that he was treated differently from similarly situated Hispanic inmates.  Doc. 16 at 5.  However, plaintiff also provides alternative reasons for the treatment unrelated to the race: the officers did not want to take the other inmate's canteen money and wanted to see the other inmate go home in the next 30 days.  *Id.*  Plaintiff cites to *Richardson v. Pletting*, No. 5:18-cv-00961-CJC-KES, 2018 U.S. Dist. LEXIS 227698 (C.D. Cal. July 30, 2018) to support his argument that discriminatory cell searches under false pretenses violate procedural and substantive due process.  The *Richardson* court found that the plaintiff stated claims against a defendant who made statements about African-American inmates, but did not state claims against other defendants who did not make similar statements or otherwise demonstrate an intent to discriminate based on race.  *Richardson*, 2018 U.S. Dist. LEXIS 227698, at *24-26.  Because

5

plaintiff has failed to allege sufficient allegations regarding discriminatory intent, plaintiff fails to state a claim for violation of the Fourteenth Amendment's Equal Protection Clause. As such, plaintiff's Fourteenth Amendment claim is properly dismissed.

The magistrate judge also recommended that plaintiff's denial of outdoor exercise claim be dismissed. Not "all deprivations of outdoor exercise are per se unconstitutional." *Norbert v. City & Cnty. of San Francisco*, 10 F.4th 918, 929 (9th Cir. 2021). There is no bright line for determining if and when inmates are entitled to outdoor exercise time, and instead "the constitutionality of conditions for inmate exercise must be evaluated based on the full extent of the available recreational opportunities." *Id.* at 930, 933. To assert an Eighth Amendment claim for lack of sufficient outdoor exercise time, a prisoner must satisfy an objective requirement as well as a subjective requirement. *Id.* at 927. The complaint does not contain any allegations as to whether plaintiff was provided or denied other recreational activities such that the denial of more outdoor exercise time would rise to a constitutional violation. In *Norbert*, the Court held that, on that record, inmates in administrative segregation offered at least 30 minutes of exercise time seven days a week were not likely to prevail on the merits of their claims. *Id.* at 933. The *Norbert* Court reasoned that, even when not taking into account day room time, the 30 minutes of gym time exceeded the amount of recreational time ordered in *Pierce v. Cnty. of Orange*, 526 F.3d 1190 (9th Cir. 2008), which held that inmates should "be permitted exercise at least twice each week for a total of not less than 2 hours per week." Without more factual allegations regarding other recreational opportunities or the lack thereof, plaintiff fails to state a cognizable claim for lack of sufficient outdoor exercise time.

Having carefully reviewed the matter, including plaintiff's objections to the findings and recommendations and plaintiff's motion for reconsideration, the Court adopts the findings and recommendations as set forth above. The Court also finds that granting plaintiff further leave to amend would be futile, because the magistrate judge correctly noted the applicable legal standards and provided plaintiff with multiple opportunities to amend his complaint, Docs. 13, 17, which plaintiff repeatedly declined to do, Docs. 14, 18.

///

Accordingly, the Court ORDERS that:

1. The findings and recommendations issued September 4, 2024, Doc. 15, are adopted in part.
2. This case proceeds on the following claims:
   a. First Amendment retaliation claim against defendants Lopez and Rocha in connection with the two cell searches and confiscation of property during those searches.
   b. First Amendment retaliation claim against defendant Lopez in connection with the rules violation report regarding the unmodified razor.
3. All other claims and defendants are dismissed.
4. Plaintiff's Motion for Reconsideration, Doc. 18, is DENIED.
5. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  January 19, 2025

_____
UNITED STATES DISTRICT JUDGE

7