UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON,<br><br>    Plaintiff,<br><br>  v.<br><br>A. LOPEZ, et al.,<br><br>    Defendants. | Case No.  1:24-cv-00252-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO REOPEN<br><br>(ECF No. 32)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff DeWayne Thompson is a state prisoner who proceeded *pro se* in a civil rights action previously filed pursuant to 42 U.S.C. § 1983. On May 13, 2025, the parties filed a signed Stipulation for Voluntary Dismissal with Prejudice, confirming that the parties had "resolved this case in its entirety [and] the parties stipulate to a dismissal of this action with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." (ECF No. 30). The Court directed the Clerk of Court to close the case on May 14, 2025. (ECF No. 31).

I.  **MOTION TO REOPEN CASE UNDER FED. R. CIV. P. 60(b)(6)**

On November 17, 2025, Plaintiff filed a Motion to Reopen Case Due to Repudiation of Settlement Agreement under Fed. R. Civ. P. 60(b)(6). (ECF No. 32). Plaintiff argued that the parties reached a settlement agreement that required Defendants make payment in "six months," but that Plaintiff had not received the settlement payment. (*Id.* at 1). To demonstrate lack of payment, Plaintiff attaches his trust account statements through October 2025 and a

statement from an Account Specialist at Salinas Valley State Prison dated November 10, 2025. (*Id.* at 4-7).

On November 25, 2025, Defendants filed a response brief, which included the declaration of Marisa Y. Kirschenbauer, Supervising Deputy Attorney General. (ECF No. 36). In the declaration, defense counsel stated under penalty of perjury that CDCR informed her that the settlement funds were deposited into Plaintiff's trust account on November 13, 2025, and that she informed Plaintiff in a letter that the funds were deposited on November 13, 2025. (ECF No. 36-1 at 2). As such, "CDCR has fulfilled its obligation to Plaintiff under the terms of the settlement agreement." (*Id.*).

Plaintiff did not file a reply brief or otherwise respond to defense counsel's declaration that payment has been made.

## II.     LEGAL STANDARDS AND ANALYSIS

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Rule 60(b)(6) indicates such relief may be granted for "any other reason that justifies relief." In seeking relief under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). Rule 60(b)(6), in particular, is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.*

The sworn statement of defense counsel indicates that Plaintiff was paid the settlement funds on November 13, 2025. Plaintiff has not disputed that he received the payment on November 13, 2025. As such, Plaintiff has failed to establish an extraordinary circumstance warranting relief under Rule 60(b)(6). The Court will recommend denying Plaintiff's motion to reopen the case.

\\\

\\\

2

## III.   CONCLUSIONS AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED that the Court deny Plaintiff's motion to re-open this case (ECF No. 32) and that this action remains closed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 15, 2026**                    /s/ *Erica P. Grosjean*
                                             UNITED STATES MAGISTRATE JUDGE

3